UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:24-cr-00437-SI |
| v. | INDICTMENT |
| SHARON NEAL, | 18 U.S.C. § 1341 |
| Defendant. | |

THE GRAND JURY CHARGES:

<u>COUNTS 1-5</u>
(Mail Fraud)
(18 U.S.C. § 1341)

1. At all times relevant to the indictment, defendant **SHARON NEAL** was a resident of Damascus, Oregon.

2. From not later than a date on or about August 20, 2018, and continuing through on or about at least November 28, 2022, defendant **SHARON NEAL** knowingly devised and executed, and intended to devise and execute, a material scheme to defraud victim companies and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

3. Specifically, defendant **SHARON NEAL** filed smalls claims on behalf of sham companies with false allegations against the victim companies in circuit courts in multiple

Oregon counties. Defendant **SHARON NEAL** filed certificates of service with the circuit courts that certified that she had served the small claims and summons on the victim companies by U.S. Postal Service certified mail. The certificates of service included copies of signed U.S. Postal Service certified mail return receipts. However, while some of the victim companies had received certified mail envelopes, defendant **SHARON NEAL** had failed to include the summons and small claims themselves in the envelopes to the victim companies and the victim companies were not notified of the pending small claim cases. When the victim companies did not respond to defendant **SHARON NEAL**'s small claims, she sought and obtained default judgments and writs of garnishment. After presenting the writs of garnishment to the victim companies' banks, the banks issued checks to defendant **SHARON NEAL**'s sham companies in the amount of the judgment. The victim companies only became aware of the small claims filed by defendant **SHARON NEAL** when their banks notified them about the garnishment. **SHARON NEAL** deposited the garnishment checks into an account held by her and then withdrew the funds.

## MANNER AND MEANS

It was part of this scheme that:

4.      Defendant **SHARON NEAL** filed smalls claims in circuit courts in multiple Oregon counties. Defendant **SHARON NEAL** filed the claims on behalf of various sham companies that either did not exist or were not currently in business. The small claims made various false allegations including that the victim companies had provided low quality products or services or failed to provide products or services. The small claims sought a monetary judgment under $10,000. In fact, the victim companies did not have business relationships with

the sham companies and often did not even offer the products or services alleged in the small claims.

5. After filing the small claims, defendant **SHARON NEAL** would file a certificate of service with the circuit court. In the certificate of service, she would certify falsely that she had mailed copies of the summons and small claims by certified mail to the victim companies. Defendant **SHARON NEAL** would attach a copy of the signed certified mail receipt from the U.S. Postal Service.

6. However, defendant **SHARON NEAL** would either send an envelope without anything in it to the victim companies or send the envelope to the wrong address, preventing the victim companies from learning about the small claims case.

7. After the victim companies did not respond to the small claims, defendant **SHARON NEAL** would file a motion for default judgment. The circuit court would then issue the default judgment. Defendant **SHARON NEAL** would also seek and receive a writ of garnishment from the circuit court.

8. Then, defendant **SHARON NEAL** would submit the writ of garnishment to the victim companies' banks. The banks would send a check for the amount of the judgment made out to the alleged plaintiff company in the small claims case and defendant **SHARON NEAL** would deposit the check into a bank account she controlled. After the deposit was made, **SHARON NEAL** would make cash withdrawals from the account. The victim companies' banks would also notify the victim companies about the garnishment, at which time the victim companies would first learn about the existence of small claims case.

9. Often the victim companies would then file a response in the smalls claims case explaining that the victim companies had no record of any sales to the plaintiff company, no

record of any contact with the plaintiff company prior to the small claims suit, and no notice of the small claims suit.

10. Over the course of the scheme, defendant **SHARON NEAL** filed approximately 20 small claims against victim companies and obtained approximately $190,000 in garnished funds using the writs of garnishment she had obtained in the scheme.

### MAIL FRAUD

11. On or about the below-listed dates in the District of Oregon and elsewhere, defendant **SHARON NEAL**, having knowingly devised and intending to devise a material scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowingly used, and caused to be used, the following mails:

| Count # | Date Sent | Certified Mailing Number | Garnished Funds |
|---|---|---|---|
| 1 | December 8, 2019 | 7018 1830 0000 1654 7474 | $9,866.70 |
| 2 | January 6, 2020 | 7019 0700 0001 6535 1276 | $9,650.80 |
| 3 | February 28, 2020 | 7019 1640 0001 8370 3879 | $19,684.60 |
| 4 | April 6, 2020 | 7019 1640 0001 8370 3817 | $19,833.16 |
| 5 | July 15, 2020 | 7019 1640 0001 8365 3686 | $19,547.00 |

All in violation of 18 U.S.C. § 1341.

Dated: November 19, 2024

A TRUE BILL.

OFFICIATING FOREPERSON

Presented by:

NATALIE K. WIGHT
United States Attorney

ANDREW T. HO, OSB #185047
Assistant United States Attorney

**Indictment**  Page 4